# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MEKCO JONES,** *Individually, and*
*on behalf of himself and others*
*similarly situated,*

Plaintiff,

v.                                                                                  No. 2:20-cv-02945

**THE TROXEL COMPANY,**
*a Delaware Corporation,*                                              **FLSA Collective Action**
                                                                                        **JURY DEMANDED**
Defendant.

## JOINT MOTION FOR ORDER APPROVING RESOLUTION OF PLAINTIFF'S INDIVIDUAL FLSA CLAIMS AND INCORPORATED MEMORANDUM IN SUPPORT

Plaintiff Mekco Jones ("Plaintiff") and Defendant The Troxel Company ("Defendant"), pursuant to LR 7.2, hereby file this Joint Motion for Order Approving Resolution of Plaintiff's individual FLSA Claims and Incorporated Memorandum in Support (the "Joint Motion"). In support of their Joint Motion, the parties respectfully state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

This case was brought under the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that Defendant failed to pay him and others all overtime compensation due. (*See generally* ECF No. 1). Defendant denies these allegations and further denies that it violated the FLSA in any respect whatsoever (*See generally* ECF No. 12)[1].

---

[1] The case was filed as a collective action but no motion for conditional certification was filed and the case was pursued as an individual FLSA action.

1

The parties agreed to an early exchange of information in the hopes that an early resolution could be reached. With these disclosures, Defendant provided Plaintiff's counsel with time and pay records for Plaintiff, which allowed Plaintiff to determine his damages. Based on these records, Plaintiff alleged he was entitled to approximately $1,594.71 in unpaid overtime and an equal amount in liquidated damages.[2]

Because the parties wish to avoid expending additional resources on this matter, they now jointly request that the Court enter an order approving the agreed-upon resolution of the parties. This resolution releases and resolves any and all claims relating to this matter. Because FLSA claims require the Court's approval, the parties hereby submit their proposed agreed-upon resolution to the Court. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). The parties hereby respectfully request that the Court review their agreed-upon resolution under the standards set forth in *Lynn's Food Stores* and the FLSA.

## LAW AND ANALYSIS

Here, the Court should approve the parties' agreed-upon resolution, because (1) it was negotiated and agreed upon in an adversarial context, (2) both sides are represented by labor and employment attorneys experienced in individual and collective FLSA actions, and (3) the agreed-upon resolution is a fair and reasonable compromise, given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

A district court, when reviewing a proposed agreed-upon resolution of FLSA claims, must scrutinize the proposal for fairness and decide whether it is a "fair and reasonable resolution of

---

[2] These numbers were reached based on an assumed 42 minutes of off-clock work per week, resulting in the indicated amount of unpaid overtime.

bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Eleventh Circuit set forth the following factors:

> 1. Was the proposed resolution achieved in an adversarial context?
>
> 2. Was the plaintiff represented by attorneys who can adequately protect her rights?
>
> 3. Does the proposed resolution reflect a fair and reasonable compromise over issues that are actually in dispute?

*See id.* at 1353-54. All three factors are satisfied here. Indeed, the resolution reached by the parties was negotiated at arms' length with both parties represented by counsel experienced in the FLSA and wage and hour law who protected the rights of the parties. The parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the parties with respect to whether Plaintiff was entitled to any relief under the FLSA, given the significant factual disputes. Indeed, under the terms of the agreement, Mr. Jones is receiving nearly 100% of his total estimated unpaid wages and liquidated damages ($3,000.00 total).[3]

With the Court's approval, the parties will have resolved any and all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA, including attorneys' fees and costs. The parties have attached hereto as *Exhibit A* their proposed settlement agreement and release of claims.[4]

---

[3] In addition, an award of attorney' fees under the FLSA "must 'be reasonable under the circumstances.'" *Jackson v. Turner Holdings*, No. 2:20-cv-02018-SHM-jay, 2020 U.S. Dist. LEXIS 202818, at *3 (W.D. Tenn. Oct. 30, 2020) (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)). Under the terms of the proposed settlement agreement, Plaintiffs' counsel is to receive $9,000.00 in fees and expenses.

[4] The parties have executed the settlement agreement.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court enter an order forthwith granting their Joint Motion, approving the parties' agreed-upon resolution of all of Plaintiff's FLSA claims asserted in this FLSA action, and dismissing this action with prejudice based upon the parties' agreement. The parties will submit to the Court's CM/ECF inbox a proposed order granting the relief sought in this Joint Motion.

Dated: June 2, 2022.                                   Respectfully Submitted,

*s/ Robert E. Turner, IV*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

ATTORNEYS FOR PLAINTIFF

&

*s/ J. Gregory Grisham*
Jeff Weintraub (TN Bar #009686)
J. Gregory Grisham (TN Bar #013810)
**FISHER & PHILLIPS LLP**
1715 Aaron Brenner Drive, Ste. 312
Memphis, Tennessee 38120
Telephone: (901) 526-0431
Facsimile: (901) 526-8183
*jweintraub@fisherphillips.com*
*ggrisham@fisherphillips.com*

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 2, 2022, a true and correct copy of the foregoing has been filed with the Clerk of the United States District Court for the Western District of Tennessee using the CM/ECF system. The Court's CM/ECF system will send an email notification of the foregoing filing to all counsel of record who are registered with the Court's CM/ECF system.

*s/ Robert E. Turner, IV*